UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ANDREW GREENE,

                                    Plaintiff,

   -against-

PARAMOUNT PICTURES CORPORATION, a Delaware corporation, RED GRANITE PICTURES, INC., a California corporation, APPIAN WAY, LLC., a California limited liability company, SIKELIA PRODUCTIONS, INC., a Delaware corporation, and JOHN AND JANE DOES 1 THROUGH 10

                                  Defendant(s),
-------------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **ANDREW GREENE**, by his attorneys, **STEPHANIE OVADIA, ESQ.,** and **AARON M. GOLDSMITH, ESQ.,** as and for his Complaint against the Defendants herein, hereby alleges as follows:

### NATURE OF THE ACTION

1. This action seeks to recover money due to the Defendants' illegal/improper use of Plaintiff's likeness for commercial purposes. This matter arises out of the fictionalized representation of Plaintiff (hereinafter referred to as "Plaintiff" and/or "Mr. Greene,") in the motion picture entitled "The Wolf of Wall Street" (hereinafter referred to as the "motion picture"). Mr. Greene is an inactive member of the State Bar of California and at one-time, the Head of STRATTON OAKMONT, INC.'s Corporate Finance Department. STRATTON OAKMONT, INC. (hereinafter referred to as "Stratton Oakmont"), was an "over-the-counter" securities brokerage firm, based out of Lake Success, NY, operating in the 1980s through the mid-1990s. Defendant is a highly recognized film production and distribution studio that

1

recently produced a film about Stratton Oakmont's founder, JORDAN BELFORT, and his personal exploits. In the Defendant's motion picture, Mr. Greene is portrayed as, *inter alia*, a criminal, a drug user, and a degenerate. Mr. Greene is portrayed participating in activities that are improper, unprofessional and unethical. The motion picture's scenes concerning Mr. Greene were false, defamatory, and fundamentally injurious to Mr. Greene's professional reputation both as an attorney and as an investment banker / venture capitalist as well as his personal reputation. Additionally, Defendants are in violation of New York Civil Rights Law § 50 and 51. Defendants failed to secure the written and/or oral permission of Mr. Greene to include his identity, likeness, visage, persona or other qualities in the motion picture prior to its public release on or about December, 2013.

## PARTIES

2. Plaintiff, ANDREW GREENE is a resident of the State of New York, County of Suffolk, residing in Huntington Station, New York, within the Eastern District of New York. Mr. Greene is an inactive member of the State Bar of California and is currently pending admission before the Courts of the State of New York. Mr. Greene has resided within this District contiguously since on or about 1993.

3. Upon information and belief, Defendant, PARAMOUNT PICTURES CORPORATION (hereinafter "PARAMOUNT"), was and still is a Delaware corporation with its principal office in Los Angeles, County of Los Angeles, CA, within the Southern District of California.

4. Upon information and belief, Defendant, PARAMOUNT, was, and still is, engaged in the business of producing, developing, distributing, licensing, and/or financing motion pictures.

5. Upon information and belief, Defendant, RED GRANITE PICTURES, INC. (hereinafter "RED GRANITE"), was and still is a California corporation with its principal office in Los Angeles, County of Los Angeles, CA, within the Southern District of California.

6. Upon information and belief, Defendant, RED GRANITE, was, and still is, engaged in the business of producing, developing, distributing, licensing, and/or financing motion pictures.

7. Upon information and belief, APPIAN WAY, LLC. (hereinafter "APPIAN WAY") was and still is a California limited liability company with its principal office in Los Angeles, County of Los Angeles, CA, within the Southern District of California.

8. Upon information and belief, Defendant, APPIAN WAY, was, and still is, engaged in the business of producing, developing, and/or financing motion pictures.

9. Upon information and belief, SIKELIA PRODUCTIONS, INC. (hereinafter "SIKELIA") was and still is a Delaware corporation with its principal office in Los Angeles, County of Los Angeles, CA, within the Southern District of California.

10. Upon information and belief, Defendant, SIKELIA, was, and still is, engaged in the business of producing, developing, and/or financing motion pictures.

11. Defendants JOHN AND JANE DOES 1 THROUGH 10 are individuals, partnerships or corporations whose existence Plaintiff asserts on information and belief but whose exact identity he has been unable to discover. JOHN AND JANE DOES 1 THROUGH 10 are engaged in preparation, publication and wide- spread release, distribution, and showing, within New York State and elsewhere, of the motion picture entitled "The Wolf of Wall Street" and advertisement for said motion picture.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and complete diversity of citizenship exists among the parties.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omission giving rise to Plaintiff's claim occurred in this District, including but not limited to, upon information and belief, the filming/production of a number of scenes of the motion picture within the Eastern District of New York.

14. As stated above, Plaintiff has contiguously resided in the Eastern District of New York since on or about 1993.

## ALLEGATIONS COMMON TO ALL CLAIMS AND FOR A FIRST CAUSE OF ACTION

15. Upon information and belief, Defendants, PARAMOUNT, RED GRANITE, APPIAN WAY, and SIKELIA produced, developed, distributed, licensed, and/or financed the motion picture entitled "The Wolf of Wall Street." The motion picture is about Jordan Belfort, a founder of the brokerage firm Stratton Oakmont, who was indicted on securities fraud and money laundering charges in 1998.

16. The motion picture is based on a 2007 memoir written by Jordan Belfort and published by Bantam Books that is also entitled "The Wolf of Wall Street".

17. Upon information and belief, Jordan Belfort's 2007 memoir entitled "The Wolf of Wall Street" (hereinafter the "memoir") purports to be a true story.

18. At all times relevant hereto, Mr. Greene was the Head of Stratton Oakmont's Corporate Finance Department. Mr. Greene also served on Stratton Oakmont's Board of Directors. He was associated with the brokerage firm from 1993 until his resignation in 1996.

19. In the memoir, Mr. Greene is referred to by his legal full name, Andrew Todd Greene, the shortened name, Andy Greene or Andy, and the nickname "Wigwam." (See annexed description from the memoir.)

20. In the motion picture, Mr. Greene's likeness, image, and characterization is portrayed through the character Nicky "Rugrat" Koskoff (hereinafter "Rugrat").

21. Mr. Greene's identity is readily apparent in the motion picture.

22. The character "Rugrat" is depicted as one of Jordan Belfort's close friends that was "the smartest of the bunch" and "actually went to law school."

23. Mr. Greene was a childhood friend of Jordan Belfort.

24. Mr. Greene attended law school at California Western in San Diego from 1986 to January 1990. Plaintiff is an inactive member of the State Bar of California. Additionally, Plaintiff has recently sat for and passed the New York State Bar Examination.

25. Upon information and belief, the character "Rugrat" is portrayed as being in a significant leadership position at Stratton Oakmont upon Jordan Beflort's resignation from the corporation.

26. Mr. Greene served on Stratton Oakmont's Board of Directors and as the Head of Stratton Oakmont's Corporate Finance Department. Plaintiff was in significant leadership roles after Jordan Belfort's resignation from Stratton Oakmont until Plaintiff's own resignation in 1996.

27. At all times relevant hereto, Plaintiff frequently wore a toupée.

28. In multiple scenes in the movie, "Rugrat's" use of a toupée is accentuated and mocked in an egregiously offensive manner. The motion picture introduces "Rugrat" by

referencing his "piece of shit hairpiece." In another scene, investigators ask whether his hair is real. Characters are also seen attempting to grab the toupée in a scene.

29. Upon information and belief, in another scene, the character "Donnie Azoff" says "Fucking Rugrat that wig-wearing faggot I can't believe that fucking guy. I want to kill him." Jordan Belfort's character then says, "Swear to God, I want to choke him to death. Irresponsible little prick."

30. The motion picture contains various scenes wherein Mr. Greene's character is portrayed as a criminal, drug user, degenerate, depraved, and/or devoid of any morality or ethics. In one scene, Mr. Greene's character is depicted shaving a woman's head after Jordan Belfort's character states the woman was offered ten-thousand dollars. In a voice-over, Jordan Belfort's character states Plaintiff's character was arrested in Miami along with a Swiss banker who plaintiff supposedly knew from law school, which precipitated Jordan Belfort's arrest. Another voice-over claims Mr. Greene's character set up a meeting with that Swiss banker that could launder money. Mr. Greene's character is later seen accompanying Jordan Belfort to a meeting in Switzerland for the purposes of laundering money. Mr. Greene's character is shown doing cocaine on company premises during business hours in another scene. The motion picture included other scenes depicting Mr. Greene's character in a reckless and depraved manner, including more than one scene wherein his character is depicted having sexual relations with a prostitute.

31. On December 25, 2013, and thereafter, Defendants, themselves and through their agents, and others, have knowingly caused the preparation, publication and wide-spread release and showing within New York state and elsewhere of the motion picture "The Wolf of Wall Street," that include Mr. Greene's image, likeness, and characterization in this motion picture.

6

32. "The Wolf of Wall Street" has appeared and, upon information and belief, is still appearing in various movie theaters within and outside the United States since December 25, 2013.

33. Upon information and belief, "The Wolf of Wall Street" will be distributed world-wide via DVD, Blu-ray, and various other mediums.

34. Appearance of Mr. Greene's image, likeness, and characterization in the motion picture causes Mr. Greene to be identified in connection with Defendants' motion picture.

35. Mr. Greene has not given his consent to, or in any way authorized the use of his image, likeness, and characterization in this motion picture.

36. Defendants took Mr. Greene's image, likeness, and characterization and used in this motion picture without Plaintiff's consent and authorization.

37. Defendants JOHN AND JANE DOES 1 THROUGH 10, have knowingly participated, aided, and conspired with Defendants, PARAMOUNT, RED GRANITE, APPIAN WAY, and SIKELIA to violate Plaintiff's right to privacy.

38. The use by Defendants of Plaintiff's personality for advertising purposes and for purposes of trade and commercial benefits was without the consent, written or oral, of Mr. Greene or anyone authorized by him to give such consent, was entirely unauthorized, and constitutes a violation of Section 50 of the Civil Rights Law of the State of New York.

39. All or substantial portions of the preparation, publication, filming, and distribution of the motion picture occurred within New York state, as well as other states.

40. Defendants have acted knowingly, willfully, recklessly and in bad faith.

41. Defendants, and their agents, have committed tortuous acts within the State of New York, which are causing injury to Mr. Greene.

42. The other Defendant(s) have knowingly participated, aided, and conspired with Defendants, PARAMOUNT, RED GRANITE, APPIAN WAY, and SIKELIA to violate Plaintiff's right of privacy.

43. By reason of the foregoing and pursuant to Section 51 of the Civil Rights Law of the State of New York, Plaintiff demands that (a) an injunction enjoining defendants from any further unauthorized reproduction, publication, distribution, or other use or exploitation of the advertisement and of any other advertisement containing Plaintiff's image, likeness, characterization, (b) an injunction directing defendants to recall, assemble, and turn over to Plaintiff all copies of the advertisement and of any other advertisement containing Plaintiff's image, likeness, or characterization, including all prints, negatives, and other paraphernalia from which advertisement or any portion thereof that includes a Plaintiff's image, likeness, or characterization be produced; and (c) the Defendants are further jointly and severally liable to Plaintiff for compensatory and exemplary damages.

### AS AND FOR A SECOND CAUSE OF ACTION

44. Plaintiff repeats paragraphs 1 through 36.

45. On December 25, 2013, and thereafter, Defendants, themselves and through their agents, and others, have knowingly caused the preparation, publication and wide-spread release and showing within New York state and elsewhere of the motion picture "The Wolf of Wall Street," that include Plaintiff's image, likeness, and characterization in this motion picture.

46. The motion picture entitled "The Wolf of Wall Street" has appeared in theaters and in other media and is appearing in various movie theaters inside and outside the United States since December 25, 2013.

47. Appearance of Mr. Greene's image, likeness, and characterization in the motion picture "The Wolf of Wall Street" causes Mr. Greene to be identified in connection with Defendants' motion picture.

48. Mr. Greene has not given his consent to, or in any way authorized the use of his image, likeness, and characterization in this motion picture.

49. The Defendants took Mr. Greene's image, likeness, and characterization and used in this motion picture without his consent and authorization.

50. Substantial portions of the preparation, publication, and distribution of the motion picture, "The Wolf of Wall Street" occurred within New York State.

51. The Defendants, by knowingly using a likeness of Mr. Greene for advertising purposes, and for purposes of trade and commercial benefits was without the consent, written or oral, of Plaintiff or anyone authorized by him to give such consent, was entirely unauthorized, and constitutes a violation of Plaintiff's right to privacy.

52. The other Defendant(s) have knowingly participated, aided, and conspired with Defendants, PARAMOUNT, RED GRANITE, APPIAN WAY, and SIKELIA, to violate Mr. Greene's right to privacy.

53. By reason of the foregoing, Plaintiff is entitled to: (a) an injunction enjoining Defendants from any further unauthorized reproduction, publication, distribution, or other use or exploitation of these advertisements, and of any other advertisement containing a likeness of Plaintiff in manner; (b) an injunction directing Defendants to recall, assemble, and turn over to Plaintiff all copies of the advertisements, and of any other advertisement containing a likeness of Plaintiff in any manner, and all prints, negatives and other paraphernalia from which any advertisement or any portion thereof that includes a likeness of Plaintiff in any manner can be

produced. Defendants are further jointly and severally liable to Plaintiff for compensatory and exemplary damages.

### AS AND FOR A THIRD CAUSE OF ACTION

54. The Plaintiff repeats paragraphs 1 through 47.

55. By participating in the unauthorized preparation, publication, and widespread distribution of the motion contains the likeness of Plaintiff's image, likeness, and characterization, the defendants have consciously and deliberately disregarded and violated Plaintiff's common law propriety right to exclusive control of the commercial use of his image, likeness, and characterization. Defendants' violations of Plaintiff's common law rights are ongoing, are causing and threaten to cause immediate and irreparable injury to Plaintiff, and cannot be adequately compensated for by monetary damages. The Plaintiff has no adequate remedy at law.

56. By reason of the foregoing, Plaintiff is entitled to: (a) an injunction enjoining Defendants from any further reproduction, publication, distribution, or other use or exploitation of the motion picture entitled "The Wolf of Wall Street" and advertisement containing a likeness of Plaintiff, (b) an injunction directing defendants to recall, assemble, and turn over to Plaintiff all copies of the motion picture entitled "The Wolf of Wall Street" and of any advertisement containing a likeness of Plaintiff in any manner, all prints, plates, negatives, and other photographic paraphernalia from which advertisement or any portion thereof that includes a likeness of the Plaintiff be produced; and an Order granting Plaintiff compensatory and exemplary damages from Defendants, jointly and severally.

### FOR A FOURTH CAUSE OF ACTION

57. Plaintiff repeats paragraphs 1 through 56.

By reason of the foregoing, Defendants' malicious and willful defamatory published statements have damaged the Plaintiff and are actionable for damages under New York law.

58. The aforementioned statements contained in the motion picture were widely published, within the United States and outside the country, as part of the motion picture and not privileged in any manner.

59. The aforementioned statements are *libelous per se* because they involve the commission of crimes and/or tend to injure Plaintiff in his trade as a legal and financial service professional. The outrageous and depraved sexual and drug activities would be offensive to any common person and are necessarily injurious to the reputation of Plaintiff.

60. The Defendants acted with malice or acted with reckless disregard as to the truth or falsity of the statements.

61. By reason of the foregoing, the statements contained in "The Wolf of Wall Street" have permanently damaged Plaintiff, to those who have watched the motion picture as a criminal and drug user with misogynistic tendencies. Mr. Greene is portrayed as an individual with no moral or ethical values, which is injurious to him in his trade, business, or profession. Mr. Greene will be permanently linked to the crimes and loathsome behavior portrayed by his likeness in the motion picture, despite never having been interviewed, questioned, charged, imprisoned, or even arrested for the illicit and despicable behavior shown in the motion picture.

## FOR A FIFTH CAUSE OF ACTION

62. Plaintiff repeats paragraphs 1 through 61.

By reason of the foregoing, Defendants' malicious and willful defamatory published statements have damaged the Plaintiff and are actionable for damages under New York law.

64. The aforementioned statements are *libelous per se* because they involve the commission of crimes and/or tend to injure Plaintiff in his trade as a legal and financial service professional. The outrageous and depraved sexual and drug activities would be offensive to any common person and are necessarily injurious to the reputation of Plaintiff.

65. The Defendants acted negligently as to the truth or falsity of the statements.

66. By reason of the foregoing, the statements contained in "The Wolf of Wall Street" have permanently damaged Plaintiff, to those who have watched the motion picture as a criminal and drug user with misogynistic tendencies. Mr. Greene is portrayed as an individual with no moral or ethical values, which is injurious to him in his trade, business, or profession. Mr. Greene will be permanently linked to the crimes and loathsome behavior portrayed by his likeness in the motion picture, despite never having been interviewed, questioned, charged, imprisoned, or even arrested for the illicit and despicable behavior shown in the motion picture.

## JURY DEMAND

67. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff ANDREW GREENE demands a trial by jury.

**WHEREFORE**, Plaintiff ANDREW GREENE demands judgment against the Defendants PARAMOUNT PICTURES CORPORATION, RED GRANITE PICTURES, INC., APPIAN WAY, LLC., SIKELIA PRODUCTIONS, INC. and JOHN AND JANE DOES 1 THROUGH 10, jointly and severally for:

I. A permanent injunction, Pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining Defendants, and each of them, their respective officers, agents, servants, employees and attorneys, and all other persons in concert or participation with them, from reproduction publishing, distributing, or otherwise using or exploiting the motion picture entitled

"The Wolf of Wall Street" or any advertisement containing the Plaintiff's image, likeness, or characterization.

2. An injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, directing Defendants to recall, assemble, and turn over to Plaintiff all copies of the motion picture entitled "The Wolf of Wall Street" and any advertisement containing Plaintiff's image, likeness, or characterization, including all prints, negatives, and other paraphernalia that includes Plaintiff's image, likeness, or characterization be produced;

3. An injunction, Pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining Defendants preliminarily and permanently from reproducing, publishing, distributing, or otherwise using or exploiting the motion entitled "The Wolf of Wall Street" or any advertisement containing a likeness of Plaintiff;

4. An injunction, Pursuant to Rule 65 of the Federal Rules of Civil Procedure, directing Defendants to recall, assemble, and turn over to Plaintiff all copies of the motion picture "The Wolf of Wall Street" and any advertisement containing a likeness of Plaintiff, and all prints, plates, negatives and other photographic paraphernalia from which the motion picture "The Wolf of Wall Street" or any portion thereof which includes a likeness of Plaintiff can be produced;

5. An Order requiring Defendants to account to Plaintiffs for all proceeds derived from their wrongful conduct;

6. An amount to be determined at trial, but in excess of TWENTY-FIVE MILLION ($25,000,000.00) US DOLLARS awarded against all Defendants, jointly and severally for compensatory damages;

7.  An amount to be determined at trial, but in excess of TWENTY-FIVE MILLION (25,000,000.00) US DOLLARS, awarded against all Defendants, jointly and severally for exemplary damages.

8.  An award against Defendants, jointly and severally, for the interest, the costs and disbursements, and attorneys' fees of this action, and such other and further relief, as the Court may seem just and proper.

Dated:  New York, New York
February 18, 2014

_____
AARON M. GOLDSMITH, ESQ.
*Attorney for Plaintiff*
225 Broadway, Suite 715
New York, NY 10007
Telephone: (914) 588-2679
*aarongoldsmithlaw@gmail.com*

_____
STEPHANIE G. OVADIA, ESQ.
*Attorney for Plaintiff*
6800 Jericho Turnpike, Suite 120w
Syosset, NY 11791
Telephone: (516) 516.542.2133
*sovadia@aol.com*

TO:

PARAMOUNT PICTURES CORPORATION
2711 Centerville Rd., Suite 400
Wilmington, DE 19808

SIKELIA PRODUCTIONS
2711 Centerville Rd., Suite 400
Wilmington, DE 19808

RED GRANITE PICTURES, INC.
c/o CT Corporate System
818 West Seventh St.
Los Angeles, CA 90017

APPIAN WAY PRODUCTIONS, LLC
Attn.: Linda Rubin, Service Agent
2161 Mandeville Canyon Rd.
Los Angeles, CA 90049

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Docket No.:

ANDREW GREENE,

                        Plaintiff,   **PROPOSED ORDER**

    -against-

PARAMOUNT PICTURES CORPORATION, a Delaware corporation, RED GRANITE PICTURES, INC., a California corporation, JOHN AND JANE DOES 1 THROUGH 10

                        Defendant(s),
------------------------------------------------------------------X

Upon the *ex parte* application of Plaintiff ANDREW GREENE, for an Order ENJOINING Defendants from to recall, assemble, and turn over to Plaintiff all copies of the motion picture "The Wolf of Wall Street" and any advertisement containing a likeness of plaintiff, and all prints, plates, negatives and other photographic paraphernalia from which the motion picture "The Wolf of Wall Street" or any portion thereof which includes a likeness of Plaintiff can be produced; and ENJOINING Defendants, and each of them, their respective officers, agents, servants, employees and attorneys, and all other persons in concert or participation with them, are enjoined from reproduction publishing, distributing, or otherwise using or exploiting the motion picture entitled "The Wolf of Wall Street" or any advertisement containing the plaintiff's image, likeness, or characterization;

**IT IS HEREBY ORDERED,**

LET the Defendants, or their attorneys, show cause at the Federal District Court, Eastern District of New York, Central Islip Courthouse, Room _____, Hon. _____, USDJ, presiding, to be held at the Courthouse hereof, on the _____ day of February, 2014.

15

WHY AN ORDER should not be made and entered herein pursuant to Rule 65 of the Federal Rules of Civil Procedure, for an Injunction as set forth below, Ordering that:

1. **Defendants shall recall, assemble, and turn over to Plaintiff all copies of the motion picture "The Wolf of Wall Street" and any advertisement containing a likeness of Plaintiff, and all prints, plates, negatives and other photographic paraphernalia from which the motion picture "The Wolf of Wall Street" or any portion thereof which includes a likeness of Plaintiff can be produced; and**

2. **Defendants, and each of them, their respective officers, agents, servants, employees and attorneys, and all other persons in concert or participation with them, are enjoined from reproduction publishing, distributing, or otherwise using or exploiting the motion picture entitled "The Wolf of Wall Street" or any advertisement containing the Plaintiff's image, likeness, or characterization;**

3. And for such other and further relief as this Court deems just and proper.

SUFFICIENT REASON THEREFORE APPEARING, let service of a copy of this ORDER, together with supporting papers upon which it is granted, upon Defendant PARAMOUNT, at its address of record, by overnight mail on or before the ____ day of February, 2014, be deemed good and sufficient service.

Dated:    New York, New York
          February ___, 2014

**SO ORDERED**

_____
**HONORABLE
UNITED STATES DISTRICT COURT JUDGE**