LOUIS P. PETRICH
VINCENT COX
DONALD R. GORDON
DANIEL M. MAYEDA*
ROBERT S. GUTIERREZ
JAMIE LYNN FRIEDEN
ELIZABETH L. SCHILKEN
EVA S. NEUBERG

* Also admitted in the District of Columbia

LAW OFFICES
**LEOPOLD, PETRICH & SMITH**
A PROFESSIONAL CORPORATION
www.lpsla.com

June 13, 2016

SUITE 3110
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-3274

TELEPHONE: (310) 277-3333
FACSIMILE:  (310) 277-7444

A. FREDRIC LEOPOLD (1919-2008)

OF COUNSEL:
EDWARD A. RUTTENBERG
WALTER R. SADLER
JOEL MCCABE SMITH
LORALEE SUNDRA

Author's E-Mail: vcox@lpsla.com       04100.0093

**Filed ECF**

U.S. Magistrate Judge Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 820
Central Islip, New York 11722

      Re:    *Greene v. Paramount Pictures Corporation, et al.*
             CV 14-1044 (JS)(SH)
             Request that out-of-state counsel be permitted to participate by phone in June 16, 2016 status conference, now scheduled for 12 noon, EDT.

Dear Judge Locke:

      1.    Telephonic Appearance by Co-Counsel.

I am out-of-state counsel for all Defendants in this case, admitted *pro hac vice*. My offices are located in Los Angeles, California. For the conference on June 16, counsel of record for all defendants, Rachel Strom, with the firm Levine Sullivan Koch & Schulz, will attend in person. I would like the Court's permission to participate as well by telephone.

On Monday, June 13, 2016, in an exchange of emails, I discussed this letter request with Mr. Goldsmith and he agreed that he has no objection to this request.

      2.    The DiCaprio Deposition.

Mr. Goldsmith's letter of today's date attempts to summarize the dispute between the parties pertaining to the deposition of Mr. DiCaprio. Understandably, the letter does not explain in detail the basis upon which Defendants object to the DiCaprio deposition. Specifically, Defendants contend that Mr. DiCaprio's deposition is unnecessary because the content of the film *The Wolf of Wall Street* that Plaintiff complains about was either already in the June 29, 2012 draft of the screenplay (previously produced in this action as WINTER 0002258-0002396) as it existed before the July 2012 pre-production meetings that Plaintiff references, or the content never found its way into any written screenplay, but was instead the product of on-set improvisation by the actor playing the character of Nicky "Rugrat" Koskoff in the film, in conjunction with the director, Martin Scorsese.

Letter to Court

U.S. Magistrate Judge Steven I. Locke
June 13, 2016
Page 2

LEOPOLD, PETRICH & SMITH
A PROFESSIONAL CORPORATION

      Plaintiff's insistence upon taking the deposition of Mr. DiCaprio has certain earmarks of the intentional infliction of burden. Specifically, Plaintiff is taking the deposition of Mr. DiCaprio, who did not write the screenplay or direct the film, and has elected to not take the depositions of the actor who played Nicky "Rugrat" Koskoff (P.J. Byrne), and has not taken the deposition of Jordan Belfort, the author of the underlying allegedly defamatory material upon which the film is based or of Steve Madden, the money-laundering co-conspirator of Andrew Greene.

      Defendants are aware of the principle that favors broad discovery in civil actions, and recognize that executives employed by Defendant corporations are certainly not, per se, exempt from deposition. However, in the Second Circuit, it is recognized that discovery becomes unreasonably burdensome where:

> (1) [It] is cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive or (2) the burden or expense of the discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the party's resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*Pullano v. UBS/Paine Webber, Inc.*, No. 03-CIV-6313, P.4 (WDNY 3-21-2007), aff'd 2000 U.S. Dist. Lexis 38857 (5-29-2007) (citing *Treppel v. Biovale Corp.*, No. 03-CIV-3002, 2006 WL 468314, at *1-3 (SDNY 2-28-2006)

      Here, Plaintiff concedes that he has already taken the depositions of two of the three people who were present at the pre-production meetings that he regards as so crucial. Plaintiff points to no testimony whatsoever of Messrs. Winter (the screenwriter), or Scorsese (the director) that touched in any way upon any discussions pertaining to the allegedly defamatory content of the screenplay. Courts acknowledge that it may be appropriate to preclude redundant depositions of corporate executives where other parties with knowledge of the subject matter have also been questioned. *See Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 FRD 98, 102 (SDNY 2001). Plaintiff makes no showing that the testimony sought would not be cumulative to the testimony already provided by Messrs. Winter and Scorsese in their depositions.

      Plaintiff does not claim that Mr. DiCaprio provided defamatory content, or acted as the arbiter for the inclusion or exclusion of any allegedly defamatory content within the film. At a minimum, Plaintiff should be required to specify why he believes that Mr. DiCaprio has specific and unique knowledge concerning the issues in this case. Discovery should not be used as an instrument of burden to coerce an outcome that is not based upon the merits of the case.

      3.     Discovery Status.

      Defendants have taken the depositions of all persons identified on Plaintiff's Rule 26 disclosure, and have also noticed the deposition of the individual identified by Plaintiff as his

U.S. Magistrate Judge Steven I. Locke  
June 13, 2016  
Page 3

LEOPOLD, PETRICH & SMITH  
A PROFESSIONAL CORPORATION

former fiancée who allegedly broke off a marital engagement as the result of the film.  That person was subpoenaed for deposition to take place on June 7, 2016, but failed to appear.  Defendants wish to take her deposition.

          Sincerely,

          LEOPOLD, PETRICH & SMITH, P.C.  
          A Professional Corporation

          /s/ Vincent Cox  
          Vincent Cox

VC:rb

cc:   (by email)  
      Katherine M. Bolger  
      Louis P. Petrich  
      Aaron Goldsmith  
      Stephanie G. Ovadia  
      Rachel F. Strom