UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANDREW GREENE,

                Plaintiff,

   -against-

PARAMOUNT PICTURES CORPORATION,
RED GRANITE PICTURES, INC., APPIAN
WAY, LLC, SIKELIA PRODUCTIONS, INC.,
and JOHN and JANE DOES 1-10,

                Defendants.
----------------------------------------------------------------X

**ORDER**
14-CV-1044 (JS)(SIL)

**LOCKE, Magistrate Judge:**

Presently before the Court is Defendants Paramount Pictures Corporation, Red Granite Pictures, Inc., Appian Way, LLC, and Sikelia Productions, Inc.'s (collectively, the "Defendants") unopposed motion seeking an Order holding non-party Stacy Fulop Rettinger ("Fulop") in contempt for her failure to appear at a deposition, or, in the alternative, compelling Fulop to appear for a deposition at Defense counsel's offices in Manhattan, New York. *See* DE [46]. For the reasons set forth herein, Defendants' motion is denied.

Plaintiff Andrew Greene ("Plaintiff" or "Greene") commenced this action against Defendants, the producers and distributors of the motion picture *The Wolf of Wall Street* (the "Film"), alleging that the character known as "Nicky Koskoff" or "Rugrat" was a defamatory composite depiction of himself.[1] *See* DE [2]. Relevant here, Plaintiff claims that the character "portrays him as 'a criminal and drug user

---

[1] The complete factual background is not relevant to the instant motion and is not addressed at length herein.

1

with misogynistic tendencies.'" *See* Defendants' Letter Motion ("Defs.' Mot."), DE [46], at 1. To that end, Defendants claim that, at his deposition, Greene testified that "his former fiancé Stacy Fulop broke off their relationship because, in part, '[s]he has never been able to get over what was portrayed in [the Film].'" *Id.* According to Defendants, Plaintiff further testified that "Ms. Fulop was left questioning, after the Film came out, how Plaintiff has treated women over the years." *Id.*

Based on Greene's deposition testimony, on May 26, 2016, Defendants served a subpoena on Fulop requiring that she appear in Manhattan, outside of this judicial district, for a deposition on June 8, 2016. *Id.* Fulop did not appear for her deposition, claiming that the date "was inconvenient as 'her daughter [was] getting married [the following] weekend.'" *Id.* Fulop neither attempted to reschedule her deposition, nor has she responded to Defense counsel's messages regarding rescheduling her deposition. *Id.* Accordingly, on June 22, 2016, Defense counsel sent Fulop a letter informing her that, if she did not respond by June 30, 2016, Defendants would seek to "hold [her] in contempt under Rule 45(g) of the Federal Rules of Civil Procedure." *Id.* at 2. Fulop has neither responded to Defense counsel's June 22, 2016 letter nor provided any reason for her failure to comply with the subpoena. *Id.*

On July 7, 2016, Defendants filed the instant motion requesting that the Court "hold Ms. Fulop in contempt and order that she pay a monetary sanction for her noncompliance" with the May 26, 2016 subpoena. *Id.* Alternatively, Defendants request that the Court "issue a clear and unambiguous order pursuant to Rule 37(a) of the Federal Rules of Civil Procedure compelling Ms. Fulop to appear for a

deposition in this case on July 27 or August 10, 2016 at the offices of Levine Sullivan Koch & Schulz, LLP, 321 West 44th Street, Suite 1000, New York, New York." *Id.* Defendants further request that the Court "notify Ms. Fulop that failure to appear for the deposition will result in a contempt order." *Id.*

Pursuant to Fed. R. Civ. P. 45, "[a] subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). However, Fed. R. Civ. P. 37 provides that, "[a] motion for an order to a nonparty must be made in the court were the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2); *see also JMC Rest. Holdings, LLC v. Pevida*, No. 14 Civ. 6157, 2015 WL 2240492, at *3 (E.D.N.Y. May 12, 2015) ("[T]he court for the district where compliance is required is the proper venue for a motion to compel."). Therefore, a motion to compel a non-party's appearance at a deposition must be made in the court for the district in which the deposition will occur. *See Simmons v. Fervent Elec. Corp.*, No. 14-CV-1804, 2014 WL 4285762, at *1 (E.D.N.Y. Aug. 29, 2014) ("Since the subpoena at issue requires the deponent's attendance in Manhattan, Plaintiff's motion is properly brought in the United States District Court for the Southern District of New York."). Moreover, "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, falls without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Here, Defendants seek an Order compelling non-party Fulop to appear for a deposition at their offices located at 321 West 44th Street, Suite 1000, New York, New York. *See* Defs.' Mot. at 2. Because compliance is required in Manhattan, this motion

3

is properly brought in the Southern District of New York, and not in this Court. *See JMC Rest. Holdings, LLC*, 2015 WL 2240492, at *3 (denying motion to compel where the subpoena in question commanded compliance in Manhattan, without prejudice to renewal of the motion in the Southern District of New York); *see also* Fed. R. Civ. P. 45(g) (requiring that a motion for contempt be brought in the district in which compliance is required). Therefore, Defendants' motion is denied without prejudice to renewal in the Southern District of New York.

Dated: Central Islip, New York
       July 22, 2016

**SO ORDERED**

s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge