```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANDREW GREENE,

                         Plaintiff,        MEMORANDUM & ORDER
                                           14-CV-1044(JS)(SIL)
         -against-

PARAMOUNT PICTURES CORP., RED GRANITE
PICTURES, INC., APPIAN WAY, LLC,
SIKELIA PRODUCTIONS, INC., and
JOHN AND JANE DOES 1 through 10,

                         Defendants.
----------------------------------------X
```

APPEARANCES:
Plaintiff:           Alexander Martin Dudelson, Esq.
                     Louis R. Rosenthal, Esq.
                     Law Office of Louis R. Rosenthal
                     26 Court Street, Suite 2306
                     Brooklyn, NY 11242

                     Stephanie G. Ovadia, Esq.
                     1080 Grand Avenue, Suite 200F
                     South Hempstead, NY 11550

                     Aaron M. Goldsmith, Esq.
                     225 Broadway, Suite 715
                     New York, NY 10007

For Defendants:      Louis P. Petrich, Esq.
                     Vincent Cox, Esq.
                     Leopold, Petrich & Smith P.C.
                     2049 Century Park East, Suite 3110
                     Los Angeles, CA 90067

                     Katherine Mary Bolger, Esq.
                     Rachel Fan Stern Strom, Esq.
                     Davis Wright Tremaine LLP
                     1251 Avenue of the Americas, 21st Floor
                     New York, NY 10020

SEYBERT, District Judge:

Presently pending before the Court is defendants Paramount Pictures Corporation ("Paramount"), Red Granite Pictures, Inc. ("Red Granite"), Appian Way, LLC, and Sikelia Productions, Inc. ("Sikelia" and collectively, "Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Defs.' Mot., Docket Entry 56.)  For the following reasons, Defendants' motion is GRANTED to the extent that Sikelia is dropped as a defendant pursuant to Federal Rule of Civil Procedure 21.

BACKGROUND

The Court presumes familiarity with the factual background of this matter, which is set forth in detail in its Memorandum and Order dated September 30, 2015 (the "September 2015 Order").  See generally Greene v. Paramount Pictures Corp., 138 F. Supp. 3d 226 (E.D.N.Y. 2015).  Plaintiff, a New York resident, filed this diversity action against Defendants, the producers and distributors of the motion picture The Wolf of Wall Street, alleging that he was defamed through the portrayal of a character in the movie.  (Suppl. Compl., Docket Entry 2, ¶ 2.)  Id. at 228-31.  Defendants moved to dismiss the action for failure to state a claim.  Id. at 228.  In its September 2015 Order, the Court granted Defendants' motion in part and dismissed Plaintiff's right

2

of privacy claims and libel claim based on negligent defamation.[1] Id. at 237.  Plaintiff's remaining claim is his fourth cause of action for libel per se.  Id.

On September 13, 2016, Defendants filed a motion to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  (Defs.' Br., Docket Entry 56-1, at 1.) Defendants argue that complete diversity is destroyed because Sikelia, a Delaware Corporation, is also a New York citizen. (Defs.' Br. at 1.)  Particularly, Defendants allege that Sikelia's principal place of business is in New York, as its two officers work in New York, its only place of business is in New York City, and "[i]ts key decisions regarding policies and activities by its sole director and its two officers are made in New York State." (Defs.' Br. at 4-5.)

Plaintiff argues that Sikelia has two offices, one in California and one in New York, and notes that it was not registered to conduct business in New York until February 2016. (Pl.'s Br., Docket Entry 57, ¶¶ 15-16.)  Plaintiff contends that since Sikelia does not have "'far-flung'" operations, the "public impact test" is applicable to determine its principal place of business.  (Pl.'s Br. ¶ 15.)  Plaintiff alleges that Sikelia has

---

[1] While Plaintiff was granted leave to replead his libel claim based on gross negligence, see id. at 237, he elected not to file an Amended Complaint and that claim was dismissed with prejudice in an Electronic Order dated October 17, 2015.

3

been registered to conduct business in California since 2005, filed California corporate taxes, and employed an agent of service and a talent agent in California. (Pl.'s Br. ¶¶ 16-17, 19.) Plaintiff also avers that Emma Koskoff,[2] a California resident, oversaw clearance activities and addressed day-to-day issues. (Pl.'s Br. ¶ 18.) Plaintiff alleges Ms. Koskoff also worked with Red Granite and Paramount, which both operate out of California. (Pl.'s Br. ¶ 18.) Finally, Plaintiff argues that judicial economy will not be served if he is forced to continue this action and commence a parallel proceeding against Sikelia in state court. (Pl.'s Br. ¶¶ 21-22.)

On reply, Defendants argue that Plaintiff has failed to meet his burden of establishing that Sikelia's principal place of business is outside of New York. (Defs.' Reply Br., Docket Entry 58, at 1.) Defendants argue that the "public impact" test was overruled by the Supreme Court's decision in Hertz Corp. v. Friend, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010), and the "nerve center" test applies. (Defs.' Reply Br. at 1.) Defendants note that Ms. Koskoff, a legal resident of California, worked out of Sikelia's New York offices. (Defs.' Reply Br. at 1, n.1.) Additionally, Defendants argue that the Court should exercise its

---

[2] At his deposition, Martin Scorsese, the director of The Wolf of Wall Street, testified that Ms. Koskoff was one of the producers of the film. (Scorsese's Dep. Tr., Docket Entry 57-2, 8:17-21; 16:2-5.)

discretion pursuant to Federal Rule of Civil Procedure 21 and terminate Sikelia, a non-diverse party, to preserve diversity jurisdiction, rather than dismissing the entire action. (Defs.' Reply Br. at 2.)

## DISCUSSION

At the outset, the Court notes that Defendants request that this action be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (See Defs.' Mot.) However, since Defendants have Answered the Supplemental Complaint, (see Docket Entries 27 through 30), a Rule 12(b)(1) motion is technically not the appropriate procedural mechanism for challenging subject matter jurisdiction. Greystone Bank v. Tavarez, No. 09-CV-5192, 2010 WL 3325203, at *1 (E.D.N.Y. Aug. 19, 2010). See also FED. R. CIV. P. 12(b) ("[a] motion asserting any of these defenses must be made before a pleading if a responsive pleading is allowed"). Nevertheless, since Rule 12(h)(3) instructs the Court to dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction," FED. R. CIV. P. 12(h)(3), the Court will construe Defendants' motion as a Rule 12(h)(3) motion. See Greystone Bank, 2010 WL 3325203, at *1.

Rule 12(h)(3) motions are governed under the same standards as Rule 12(b)(1) motions, and the district court "draws all facts from the complaint, assuming them to be true and construing all reasonable inferences in the plaintiff's favor."

5

Bell v. Ramirez, No. 13-CV-7916, 2014 WL 7178344, at *2 (S.D.N.Y. Dec. 9, 2014). However, the Court is permitted to consider evidence outside of the pleadings if jurisdictional facts are disputed. Id. Additionally, the party asserting diversity jurisdiction bears the burden of persuasion and "must support their allegations by competent proof." Hertz Corp., 559 U.S. at 96-97.

I.   Diversity Jurisdiction

28 U.S.C. Section 1332 provides that this Court has original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). However, "[d]iversity jurisdiction under § 1332 requires complete diversity--that is, no plaintiff may have the same citizenship as any defendant." Brauner v. British Airways PLC, No. 12-CV-0343, 2012 WL 1229507, at *2 (E.D.N.Y. Apr. 12, 2012). For diversity purposes, "'a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" Id. at 3 (quoting 28 U.S.C. § 1332(c)(1)).

In Hertz, the Supreme Court addressed the different tests employed by Circuit Courts in determining a corporation's "principal place of business." Hertz, 599 U.S. at 80-81. The Court concluded that "principal place of business" refers to the corporation's "nerve center," or "the place where a corporation's

6

officers direct, control, and coordinate the corporation's activities." Id. at 92-93 (internal quotation marks and citation omitted). The Court noted that the "nerve center" is generally the location where the corporation maintains its headquarters, as long as "the headquarters is the actual center of direction control, and coordination . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." Id. at 93.

In the wake of Hertz, "[t]he State in which the corporation has its most extensive contacts or business dealings or the greatest impact on the public is irrelevant" to the determination of the corporation's principal place of business. Greystone Bank v. Tavarez, No. 09-CV-5192, 2010 WL 3311835, at *1 (E.D.N.Y. Jun. 10, 2010), report and recommendation adopted as modified, 2010 WL 3325203 (E.D.N.Y. Aug. 19, 2010). Indeed, Hertz rejected the Second Circuit's two-part test, which "involve[ed] an initial determination as to whether a corporation's activities are centralized or decentralized followed by an application of either the place of operations or nerve center test." Hertz, 559 U.S. at 91 (internal quotation marks and citation omitted). See also Greystone Bank, 2010 WL 3311835, at *1 (noting that Hertz rejected the "'business activity' test, also known as the 'public impact' test"). Thus, as a threshold matter, Plaintiff's reliance on cases

7

determined long before Hertz in support of his argument that the "public impact" or "place of operations" test applies is entirely misplaced.[3] (See generally Pl.'s Br. ¶¶ 6-12, 15.) The Court will utilize the "nerve center" test set forth in Hertz in determining Sikelia's principal place of business.

In support of his position that Sikelia's principal place of business is in California, Plaintiff alleges, without any citation to evidentiary support, that Sikelia was incorporated in California in 2005 with a Beverly Hills address, and Sikelia has filed California corporate taxes and maintains a California office. (Pl.'s Br. ¶¶ 15-16.) Plaintiff also alleges that Sikelia employed an agent of service within California, and notes that Sikelia was not registered to conduct business in New York until February 2016 and was not subject to New York corporate taxes prior

---

[3] Plaintiff's contention that the Court should consider judicial economy in its diversity jurisdiction analysis is also unpersuasive. (Pl.'s Br. ¶¶ 13-14.) In support, Plaintiff relies on cases outside the Second Circuit that are wholly inapposite to the issues at hand. Particularly, Plaintiff cites a Fourth Circuit matter addressing the amount in controversy requirement, and cases analyzing venue transfer requests pursuant to 28 U.S.C. Section 1404(a). (Pl.'s Br. ¶¶ 13-14 (citing Cont'l Grain Co. v. Barge FBL-585, 364 U.S. 19, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960); In re Volkswagon of Am., Inc., 566 F.3d 1349 (Fed. Cir. 2009); Coffey v. Van Dorn Iron Works, 796 F.2d 217 (7th Cir. 1986); Stone v. Stone, 405 F.2d 94 (4th Cir. 1968)).) In any event, judicial efficiency is not an appropriate consideration in determining whether Sikelia's principal place of business is in New York and diversity jurisdiction is destroyed. See generally Hertz, 559 U.S. at 89-97.

to its registration. (Pl.'s Br. ¶¶ 16-17.) Plaintiff further alleges that Ms. Koskoff, a resident of California, oversaw operations for Sikelia and worked with Paramount and Red Granite, which are both California corporations. (Pl.'s Br. ¶ 18.)

However, the Court finds that Plaintiff has not met his burden of demonstrating diversity. As previously noted, Hertz instructs that the corporation's "nerve center" is generally the corporate headquarters as long as the headquarters is "the actual center of direction, control, and coordination. Hertz, 559 U.S. at 93. Plaintiff's assertion that Sikelia maintains an office in California is wholly unsupported. Moreover, Defendants have submitted the Declarations of Arnold Herrmann and Martin Scorsese, Sikelia's Officers, in which they attest that as of the filing date of this action, Sikelia was headquartered in New York City, all of its officers were located in New York City, and all employees worked out of the New York City office. (Herrmann Decl., Docket Entry 56-7, ¶¶ 2, 5; Scorsese Decl., Docket Entry 56-10, ¶ 6.) Herrmann also alleges that Sikelia maintains bank accounts in New York City, it has filed corporate income taxes with Delaware and New York since 2010, and it has maintained an unemployment insurance account under the company's original name, Cappa Productions,[4] since 1989. (Herrmann Decl. ¶¶ 8-9.) Herrmann avers

---

[4] Sikelia was originally founded in 1989 as Cappa Productions and its name was changed to Sikelia in 2003. (Herrmann Decl. ¶ 2.)

9

that Sikelia has been registered with the New York State Department of Labor since 1989 and its failure to register with the New York State Division of Corporations as a foreign corporation until 2016 was an "oversight." (Herrmann Decl. ¶ 13.) Additionally, Mr. Scorsese alleges that while Sikelia has been represented by a California entertainment law firm since 2003, he "spend[s] the preponderance of [his] time within the state of New York, and [ ] key decisions are made by [him] in the state of New York." (Scorsese Decl. ¶ 7.) In the absence of any evidence that Sikelia's New York City offices are nothing more than "a mail drop box, a bare office with a computer, or the location of an annual executive retreat," Hertz, 559 U.S. at 97, the Court finds that that Sikelia's principal place of business is New York. Accordingly, Sikelia's presence as a defendant in this action destroys diversity.

II. Rule 21

Federal Rule of Civil Procedure 21 provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. This rule permits the Court to drop a nondiverse party in order to preserve diversity jurisdiction as long as the party is not "indispensable" pursuant to Federal Rule of Civil Procedure 19(b). Walpert v. Jaffrey, 127 F. Supp. 3d 105, 119 (S.D.N.Y. 2015) (internal

10

quotation marks and citation omitted). In determining whether a party is indispensable, the Court considers the following factors:

> (1) whether a judgment rendered in a person's [or entity's] absence might prejudice that person [or entity] or parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's [or entity's] absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit.

CP Solutions PTE Ltd. v. Gen. Elec. Co., 553 F.3d 156, 159 (2d Cir. 2009) (citing FED. R. CIV. P. 19(b)). Courts should approach the Rule 19(b) analysis with flexibility, as "very few cases should be terminated due to the absence of nondiverse parties unless there has been a reasoned determination that their nonjoinder makes just resolution of the action impossible." Universal Reinsurance Co., Ltd. v. St. Paul Fire and Marine Ins. Co., 312 F.3d 82, 88 (2d Cir. 2002) (internal quotation marks and citation omitted).

On reply, Defendants argue that the Court should exercise its discretion to drop Sikelia from the action in order to preserve jurisdiction. (Defs.' Reply Br. at 2-3.) While the parties did not request supplemental briefing on this issue, Defendants attach an email exchange in which Defendants' counsel inquires whether Plaintiff prefers "that the entire action be dismissed in order to avoid piecemeal litigation" should the Court find that Sikelia is a citizen of New York. Plaintiff's counsel responds, "[the Court] would have to dismiss against Sikelia only.

11

The basis of the motion was Sikelia's lack of diversity." (Cox's Decl., Docket Entry 58-1, at Ex. 1.)

The Court concurs with Defendants that Sikelia should be dropped as a party pursuant to Rule 21. As to the first two factors, a judgment rendered in Sikelia's absence will not prejudice the parties. Defendants have requested that Sikelia be dropped as a party and thus are "willing to bear" any prejudice caused by Sikelia's absence. CP Solutions, 553 F.3d at 159. The Court is unaware of any prejudice to Plaintiff that would result from Sikelia's dismissal; however, to the extent Sikelia's dismissal would prejudice Plaintiff in some respect, Plaintiff would suffer far greater prejudice if the Court dismissed the entire action after approximately three years of litigation.

With respect to the third Rule 19(b) factor, the Court finds that a judgment in Sikelia's absence would, in fact, be adequate. Sikelia's absence will not prevent Plaintiff from obtaining complete legal relief regarding his remaining libel per se claim. The Complaint alleges that all Defendants produced, developed, distributed, licensed, and/or financed the film, (Suppl. Compl. ¶¶ 3-10), and Sikelia's remaining claim is asserted against all Defendants, (Suppl. Compl. ¶¶ 57-61). Thus, even without Sikelia's presence in this action, Plaintiff may still pursue his claim against the remaining Defendants. Cf. Universal Reinsurance Co., 312 F.3d at 88 (affirming the court's

12

determination that the plaintiff was not an indispensable party and noting that "dismissal of a claim for an inability to join additional parties is not warranted where complete relief is available from a remaining party"); Quantlab Fin., LLC v. Tower Res. Cap., LLC, 715 F. Supp. 2d 542, 551 (E.D.N.Y. 2010) (considering in its analysis of the third Rule 19(b) factor that "[t]he absence of [one of the plaintiffs] will not prevent [the co-plaintiff] from being granted the full equitable and legal relief sought in the [complaint]").

Additionally, the third Rule 19(b) factor "concerns the social interest in the efficient administration of justice and the avoidance of multiple litigation." CP Solutions, 553 F.3d at 160 (internal quotation marks and citations omitted). While Plaintiff alleges, in the context of his subject matter jurisdiction argument, that he will be forced to litigate a parallel state court action against Sikelia if the Court grants Defendants' motion, (Pl.'s Br. ¶ 21), New York's one-year statute of limitation for libel claims, see N.Y. CPLR § 215(3), casts doubt on the viability of a subsequent state court action sounding in libel per se. Further, Plaintiff has not pursued a state court action against New York residents, such as Scorsese, who were involved in the development and production of the film.

Moreover, in evaluating the third factor, the Court considers the procedural posture of the case. CP Solutions, 553

13

F.3d at 160. This case was commenced approximately three years ago, and while it is not trial-ready, the parties have engaged in motion practice and discovery. At this juncture, it would be imprudent to require the parties to "start over in state court" because one production entity among many cannot be joined in federal court. See id.

Finally, as to the fourth factor, it is unclear whether the state forum is available given the previously noted one-year statute of limitations. Nevertheless, even assuming Plaintiff may commence an action in the state court, "when federal diversity jurisdiction will exist if nondiverse parties are dropped, the bare fact that a state court forum is available does not, by itself make it appropriate to dismiss the federal action." Id. at 161 (internal quotation marks and citation omitted). Accordingly, after balancing the relevant factors, the Court concludes that Sikelia is not an indispensable party and exercises its discretion to drop Sikelia from this action.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction (Docket Entry 56) is GRANTED to the extent that Sikelia is dropped as a defendant pursuant to Federal Rule of Civil Procedure 21. Plaintiff's claim against Sikelia is DISMISSED WITHOUT PREJUDICE and the Clerk of

14

the Court is directed to TERMINATE Sikelia as a defendant in this action.

                                                            SO ORDERED.

                                         /s/ JOANNA SEYBERT
                                         Joanna Seybert, U.S.D.J.

Dated:    September __11__, 2017
            Central Islip, New York